**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT LEE HARGROVE,
Petitioner-Appellant,

v.                                                                    No. 98-7348

MACK JARVIS,
Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CA-97-553-5-F)

Submitted: January 19, 1999

Decided: February 11, 1999

Before ERVIN, LUTTIG, and TRAXLER, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert Lee Hargrove, Appellant Pro Se. Clarence Joe DelForge, III,
OFFICE OF THE ATTORNEY GENERAL OF NORTH CARO-
LINA, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Lee Hargrove seeks to appeal the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998). In March 1993 Hargrove received two concurrent five year sentences from the North Carolina Superior Court as a result of his assault on a government official and possession of cocaine. These sentences were then suspended on the condition of Hargrove's good behavior. On August 19, 1996, those sentences were reactivated, and on August 21, 1996, Hargrove received two additional sentences, one for 120 days and the other for ten months. These sentences also ran concurrently.

In July 1997, following the expiration of the 1996 sentences, Hargrove filed a petition for writ of habeas corpus in the district court. The district court ordered Hargrove to particularize his petition as to which sentences he was challenging, and Hargrove responded that he was challenging the 1996 convictions. The district court dismissed Hargrove's petition because Hargrove had completed his sentence on the 1996 convictions.

Although the invalidation of Hargrove's 1996 sentences could conceivably have affected his 1993 sentences, we need not decide whether the district court was with or without jurisdiction to entertain the habeas petition. Hargrove was paroled from the sentence imposed upon the 1993 convictions in November 1997 and, according to information he provided, was set to be released from parole in November 1998. Because he is not in custody on either the 1996 or the 1993 convictions, the issues he presented are no longer live. See Leonard v. Hammond, 804 F.2d 838, 842-43 (4th Cir. 1986). As such, even if the district court had jurisdiction to consider Hargrove's petition, his appeal is now moot. Thus, we deny a certificate of appealability, deny Hargrove's motion for appointment of appellant counsel, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED